UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ESTER BURNETT, | No. 2:15-cv-2070 CKD P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| R. WEEKS, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

II. <u>Screening Standard</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

III. <u>Allegations</u>

Plaintiff alleges that his federal due process rights were violated in a February 2011 disciplinary hearing in which he was found guilty of possessing a controlled substance and

2

1 assessed a 150-day credit loss.  (See ECF No. 1 at 54-55.)  Defendant Correctional Lieutenant
2 Peery was the Senior Hearing Officer.  (Id.)  Peery decided not to allow plaintiff's cellmate to
3 testify that the controlled substance belonged to him, as Peery considered the cellmate's proffered
4 testimony unreliable.  (Id. at 55.)
5      In a state habeas petition, plaintiff asserted that his due process rights were violated when
6 his cellmate, inmate Fenculet, was not allowed to testify at the above disciplinary hearing.  In
7 May 2012, the Lassen County Superior Court partially granted the petition and remanded the
8 matter for a new administrative hearing in which Fenculet would be allowed to testify.  (Id. at 39-
9 40.)  At the disciplinary re-hearing in September 2012, Fenculet testified that he (not plaintiff)
10 bought the pills, and plaintiff was found not guilty of the charge of possessing a controlled
11 substance.  (Id. at 33-37.)
12      His disciplinary conviction having been reversed, plaintiff now seeks to recover damages
13 for the alleged 2011 due process violation.  (Id. at 3.)  The complaint states a cognizable claim
14 under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) as to defendant Peery.  If the allegations of the
15 complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.
16 As to the other named defendants, plaintiff has not alleged their direct involvement in any
17 constitutional violation.  Thus all defendants but Peery will be dismissed with leave to amend.

18 IV. Leave to Amend

19      Plaintiff will be given 30 days from the date of service of this order to amend his
20 complaint to cure the deficiencies set forth above.  Plaintiff is not required to file an amended
21 complaint, but failure to do so will be construed as plaintiff's consent to dismiss all defendants
22 except Peery.
23      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
24 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
25 complaint be complete in itself without reference to any prior pleading.  This is because, as a
26 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
27 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
28 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's claims against defendants Weeks, Kraft, Gamberg, Peterson, Clark, Gower, Foulk, Tileston, and Foston are dismissed with leave to amend;

4. If plaintiff elects to amend, any amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";

5. If plaintiff elects to amend, the Amended Complaint shall be filed no more than thirty days from the date of this order; and

6. Upon the filing of an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

Dated: April 6, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / burn2070.14.new